# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

DENNIS WAYNE BREWER,

           Plaintiff,

   v.

JAMES TILTON, et al.,

         Defendants.

_____/

CASE NO. 1:11-cv-00079  GSA PC

ORDER DISMISSING COMPLAINT, WITH
LEAVE TO FILE AMENDED COMPLAINT
WITHIN THIRTY DAYS

(ECF no. 1)

## Screening Order

### I.    Screening Requirement

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

///

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Swierkiewicz</u>, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." <u>Neitze v. Williams</u>, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." <u>Bruns v. Nat'l Credit Union Admin.</u>, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.   Plaintiff's Claims

Plaintiff, an inmate in the custody of the CDCR at Kern Valley State Prison, brings this civil rights action against correctional officials employed by the CDCR. The events that give rise to this lawsuit occurred while Plaintiff was housed at Pleasant Valley State Prison (PVSP). Plaintiff names the following individual defendants: James Tilton, former CDCR Secretary; Scott Kernan, former Director of Adult Institutions; James Yates, PVSP Warden; Associate Warden D. Brazelton, PVSP Chief Medical Officer F. Igbinosa.

Plaintiff alleges that all of the Defendants knowingly allowed Plaintiff to be housed at PVSP, despite the presence of valley fever. Plaintiff alleges that he eventually contracted valley fever. Plaintiff alleges that Defendants knew that "there was a very high chance" that inmates at PVSP would contract valley fever. Once diagnosed with valley fever, Plaintiff was treated with medication, and advised by a physician that if he refused treatment, his condition would worsen. Plaintiff continues to suffer from the effects of valley fever.

### A.   Valley Fever

"[T]o the extent that Plaintiff is attempting to pursue an Eighth Amendment claim for the mere fact that he was confined in a location where Valley Fever spores existed which caused him to contract Valley Fever, he is advised that no courts have held that exposure to Valley Fever spores presents an excessive risk to inmate health." <u>King v. Avenal State Prison</u>, 2009 WL 546212, *4

(E.D. Cal., Mar 4, 2009); see also Tholmer v. Yates, 2009 WL 174162, *3 (E.D. Cal. Jan. 26, 2009)("To the extent Plaintiff seeks to raise an Eighth Amendment challenge to the general conditions of confinement at PVSP, Plaintiff fails to come forward with evidence that Yates is responsible for the conditions of which Plaintiff complaints.") Defendants cannot, therefore, be held liable for subjecting Plaintiff to dangerous conditions, or for a failure to protect Plaintiff.

### B.    Eighth Amendment Medical Care Claim

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also

1   by setting in motion a series of acts by others which the actor knows or reasonably should know

2   would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

3         The facts alleged in the complaint indicate that once Plaintiff was diagnosed with valley

4   fever, he was treated.  As noted above, in order to hold an individual defendant liable under the

5   Eighth Amendment for inadequate medical care, Plaintiff must allege facts indicating that each

6   defendant knew of and disregarded a serious risk to Plaintiff's health, resulting in injury to Plaintiff.

7   Plaintiff has not alleged any facts to support a conclusory allegation that Defendants were

8   deliberately indifferent to his medical condition.

9         **C.**    **Supervisory Liability**

10         All of the named defendants are employed in a supervisory capacity.  Under section 1983,

11   Plaintiff allege facts indicating that defendants holding supervisory positions personally participated

12   in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  There is no

13   respondeat superior liability, and each defendant is only liable for his or her own misconduct.

14   Ashcroft v. Iqbal, 129 S.Ct. 1937, 1948-49 (2009).  A supervisor may be held liable for the

15   constitutional violations of his or her subordinates only if he or she "participated in or directed the

16   violations, or knew of the violations and failed to act to prevent them."  Taylor v. List, 880 F.2d

17   1040, 1045 (9th Cir. 1989); also Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler

18   II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v.

19   Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).  Plaintiff has failed to allege facts indicating that he

20   was subjected to inadequate medical care by any of the named defendants.

21   **III.**    **Conclusion and Order**

22         The Court has screened Plaintiff's complaint and finds that it does not state any claims upon

23   which relief may be granted under section 1983.  Plaintiff cannot hold Defendants liable for housing

24   him at PVSP, despite the fact that Plaintiff contracted valley fever.  Plaintiff may, however, state a

25   claim for deliberate indifference to his medical needs, as that term is defined above.  Plaintiff has

26   not done so in the complaint.  The Court will provide Plaintiff with the opportunity to file an

27   amended complaint curing the deficiencies identified by the Court in this order.  Noll v. Carlson, 809

28   F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff is cautioned that he may not change the nature of this

suit by adding new, unrelated claims in his amended complaint.  George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

2. The Clerk's Office shall send to Plaintiff a complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:    December 1, 2011                     /s/ Gary S. Austin**

1

UNITED STATES MAGISTRATE JUDGE

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28